IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

| | |
|---|---|
| STERLING D. MOORE and BRIDGET MOORE, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Law No.: ) |
| DEANNA M. WELCH, as Executor of the Estate of Marlin Hillyer, deceased and INLAND BEE, INC., d/b/a BENNETT TRUCKING, | ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

NOW COME the Defendants, DEANNA M. WELCH, as Executor of the Estate of Marlin Hillyer, Deceased, and INLAND BEE, INC., d/b/a BENNETT TRUCKING, by Matthew S. Hefflefinger, Thomas J. Dluski and Robert R. Tenney of HEYL, ROYSTER, VOELKER & ALLEN, P.C., their attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of the cause of action styled, *STERLING D. MOORE and BRIDGET MOORE v. DEANNA M. WELCH, as Executor of the Estate of Marlin Hillyer, Deceased, and INLAND BEE, INC., d/b/a BENNETT TRUCKING*, Case No. 2020 L 000012, originally filed and now pending in the Circuit Court of the Fourteenth Judicial Circuit, Henry County, Illinois, from said Circuit Court of the Fourteenth Judicial Circuit to the United States District Court for the Central District of Illinois, Rock Island Division. In support of their Notice of Removal, Defendants state as follows:

1.      Plaintiffs, STERLING D. MOORE and BRIDGET MOORE, filed a Complaint against DEANNA M. WELCH, as Executor of the Estate of Marlin Hillyer, Deceased (hereinafter as HILLYER), and INLAND BEE, INC., d/b/a BENNETT TRUCKING (hereinafter as INLAND BEE), on June 5, 2020 (Amended and Corrected Complaint at Law and Civil Cover Sheet attached hereto as "Ex. A").

2. Pursuant to 28 U.S.C. §1446(b)(2)(A), all defendants have joined in the removal of this action.

3. At the time this action was commenced and since then, Defendant, Inland Bee, Inc., d/b/a Bennett Trucking was and is incorporated in the State of Iowa and had its principal place of business in the State of Iowa.

4. Marlin Hillyer, who died in the accident, was a resident of the State of Iowa. Subsequent to the accident, an Estate was opened in Cedar County, Iowa with Deanna M. Welch appointed as Executor of the Estate of Marlin Hillyer.

5. On information and belief, Plaintiffs STERLING D. MOORE and BRIDGET MOORE were and are citizens of the State of North Carolina.

6. Count I of Plaintiffs' Complaint asserts a claim of negligence against Defendant HILLYER. (Ex. A at 3-4). Therein, Plaintiff, STERLING D. MOORE alleges "damages in excess of the sum of $50,000.00" and demand judgment against said HILLYER "for a sum in excess of the minimum jurisdictional requirements for assignment of the case to the Law Division plus costs." (Ex. A. at 4).

7. Count II of Plaintiffs' Complaint asserts a claim of vicarious liability by Plaintiffs against INLAND BEE. (Ex. A at 4-5). Therein, Plaintiff STERLING D. MOORE alleges "damages in excess of the sum of $50,000.00" and demand judgment against said INLAND BEE "for a sum in excess of the minimum jurisdictional requirements for assignment of the case to the Law Division plus costs." (Ex. A. at 5).

8. Count III of Plaintiffs' Complaint asserts a consortium claim against Defendant HILLYER. (Ex. A at 6-7). Therein, Plaintiff BRIDGET MOORE alleges "damages in excess of the sum of $50,000.00" and demand judgment against said HILLYER "for a sum in excess of the minimum

jurisdictional requirements for assignment of the case to the Law Division plus costs." (Ex. A. at 7).

9. Count IV of Plaintiffs' Complaint asserts a consortium claim against Defendant INLAND BEE. (Ex. A at 7-9). Therein, BRIDGET MOORE alleges "damages in excess of the sum of $50,000.00" and demand judgment against said INLAND BEE "for a sum in excess of the minimum jurisdictional requirements for assignment of the case to the Law Division plus costs." (Ex. A. at 9).

10. Notwithstanding the demand/prayer for relief asserted in each Count of Plaintiffs' Complaint, this Court may consider all facts relevant to the amount in controversy in this action at the time of this Notice of Removal. *See Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006). If the plaintiff, "the master of the complaint," provides little information about the value of the claims alleged, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* at 511. In addition, if a plaintiff does not stipulate to damages of $75,000 or less, "the inference arises that he thinks his claim may be worth more." *Id.* at 512.

11. Per Plaintiffs' allegations, this is a personal injury case involving a collision occurring on Interstate 74 between vehicles operated by Marlin Hillyer, employed at all relevant times by INLAND BEE, and Plaintiff STERLING D. MOORE. (Ex. A at 1-2). Plaintiffs further allege that as a result of said collision, Plaintiff STERLING D. MOORE has incurred, and will incur, medical expenses, suffered pain, suffering, disability, and mental and physical impairments, loss

of wages, and loss of earning capacity. (Ex. A. at 3, 5). Plaintiff BRIDGET MOORE alleges that she has incurred, and will incur, loss of support, loss of services, loss of society, companionship and sexual relationship both past and future. (Ex. A. at 7, 8).

12. Per Plaintiffs' allegations alone, there is a preponderance of the evidence that that the amount in controversy in this cause, excluding interest and costs, exceeds $75,000. *See Kincaid v. Menard, Inc.*, 2014 U.S. Dist. LEXIS 60712 (N.D. Ill.) (finding by a preponderance of the evidence that the amount in controversy exceeded $75,000 where the plaintiff (1) alleged in the Complaint "serious and permanent injuries," "great pain and suffering," the expense of "great sums" of money, and an amount in controversy exceeding $50,000 in the prayer for relief, and (2) where the plaintiff did not file any affidavit or stipulation stating that she would not demand or accept any recovery in excess of $75,000). If a plaintiff does not file a limiting document with their complaint a defendant is entitled to present a good-faith estimate of the stakes. *Back Doctors Ltd. v. Metropolitan Property & Casualty Insurance Co.*, 637 F.3d 827, 831 (7th Cir. 2011). If the good-faith estimate exceeds the jurisdictional minimum, removal is allowed unless recovery exceeding the minimum is legally impossible. *Id.* See also *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006).

13. Pursuant to 28 U.S.C. § 1332, there is complete diversity of the parties and the amount in controversy exceeds $75,000.00. Accordingly, this Court has original jurisdiction over this matter. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

14. This action is currently pending in the Circuit Court for the Fourteenth Judicial Circuit, Henry County, Illinois. Pursuant to 28 U.S.C. 1441(a), removal to the United States District Court for the Central District of Illinois, Rock Island Division, is proper.

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been served upon Defendants in the removed case are attached to this Notice of Removal. The Amended and Corrected Complaint at Law and Summons have been attached as Exhibit A.

16. Defendants will provide written notice hereof to all adverse parties and file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Fourteenth Judicial Circuit, Henry County, Illinois, as required under 28 U.S.C. § 1446(d).

**DEFENDANTS DEMAND TRIAL BY JURY.**

DEANNA M. WELCH, as Executor of the
Estate of Marlin Hillyer, Deceased, and
INLAND BEE, INC.,
d/b/a BENNETT TRUCKING


BY:_____/s/ Matthew S. Hefflefinger_____
HEYL, ROYSTER, VOELKER & ALLEN
Matthew S. Hefflefinger
ARDC #6201281

**CERTIFICATE OF FILING AND PROOF OF SERVICE**

I hereby certify that July 2, 2020, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system and have sent notification of such filing to the following attorneys via e-mail:

Elliot R. McDonald III
McDonald, Woodward & Carlson, P.C.
100 E. Kimberly Road, Suite 700
Davenport, IA 52806
emcdonald3@mwilawyers.com

Under penalties as provided by law pursuant to section 1-109 of the Illinois Code of Civil Procedure [735 ILCS 5/1-109], I certify that the statements set forth in this Certificate of Filing and Proof of Service are true and correct, except as to matters therein stated to be on information and believe and as to such matters I certify as aforesaid that I verily believe the same to be true.

/s/ Mary Keogel

HEYL, ROYSTER, VOELKER & ALLEN
300 Hamilton Blvd.
P.O. Box 6199
Peoria, IL 61601-6199
Telephone: 309.676.0400
Facsimile: 309.676.3374
peoecf@heylroyster.com
mhefflefinger@heylroyster.com
clsmith@heylroyster.com
tdluski@heylroyster.com
kyount@heylroyster.com
rtenney@heylroyster.com
rsummer@heylroyster.com

9425-23 / 38067692_1.doc